# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA
V.
LOWELL T. MANNING
P.O. BOX 187
BEDFORD, MA 01730

**AFFIDAVIT**

CASE NUMBER: 05-1401-CBS

I, WILLIAM BOYDEN, a Hanscom Air Force Base ("HAFB") Security Forces Officer, depose and say as follows:

1. I make this affidavit of my own personal knowledge, except where otherwise indicated.

2. In my capacity as an HAFB Security Forces Officer, I observed a possible violation of 18 U.S.C. 13 (the Assimilated Crimes Act) and Mass. Gen. L. ch. 90, 24 (driving while under the influence of intoxicating liquor) by Lowell T. Manning on 21 March 2005. In so doing, I spoke to officers who interacted with Mr. Manning on that date and I reviewed the incident report that was filed. In so doing, I learned the following.

3. On 21 Mar 2005, at approximately 0225, I observed a green in color 1999 Oldsmobile Intrigue, MA Reg 16GZ21 cross the double yellow center line on Barksdale Street in the eastbound lane past the intersection of Marrett Street. I followed the vehicle and observed the vehicle cross the double yellow line a second time and when pulling back into his lane of traffic he almost struck the opposite curb on Barksdale adjacent to the Shoppette/Bldg 1521. Upon a subsequent centerline cross I activated the blue & red overhead lights and strobes to signal the vehicle to stop. The vehicle continued for another 500 feet and pulled over at the intersection of Barksdale and Kirtland adjacent to Bldg 1216. Hanscom Law Enforcement Desk was notified of stop and I approached the vehicle to make contact with the driver, Lowell. T. Manning. Upon initial contact with Mr. Manning, I observed him holding cash in his left hand, I detected a strong odor of alcohol after he spoke to me. The odor smelled like whiskey. I then instructed Mr. Manning to turn off his engine and produce his license, registration and base credentials. Mr. Manning started to hand me the cash in his left hand when I repeated the instruction to produce license, registration and base credentials. Mr. Manning then began to retrieve his license when he stated in slurred speech, "I'm not supposed to be driving I'll tell you that right now, can you give me a break?" I asked one more time for his license, registration and base credentials and he complied.

4. When I returned to my vehicle to radio the Law Enforcement Desk, Mr. Manning repeatedly attempted to negotiate with me by yelling out of his window. Several times he also attempted to get out of his vehicle. I had to raise my voice to instruct him to stay in his vehicle and, at one point, he exited the vehicle. I had to walk back to his vehicle and point for him to get in the vehicle.

5. A1C Zawierucha and SrA Baker then transported Mr. Manning to the Law Enforcement Desk for further processing. Due to the incline of the location of the stop, Mr. Manning was asked to perform the Field Sobriety Tests upon arrival at the Law Enforcement Desk. He refused to perform the Field Sobriety Tests.

6. While at the Law Enforcement Desk I witnessed Mr. Manning slur and stutter his speech. His eyes were red and he was slow and unsteady on his feet. He repeatedly steadied himself with nearby objects for balance in his movements.

7. A search of Mr. Manning's vehicle produced one (1) opened 750ml bottle of E&J VSOP Superior Reserve Brandy, one (1) opened 375ml bottle of E&J VSOP Superior Reserve Brandy, and one (1) empty 12 oz can of Natural Ice beer. The three items taken were verified in SSgt Boyden's statements, and were receipted via AF Form 52. I advised Mr. Manning of the Implied Consent Policy, as witnessed by SSgt MacKay. Mr. Manning acknowledged the Policy and refused to submit to a chemical test or tests.

8. Mr. Manning was issued two DD Form 1805's: #R2255930/Operating a Motor vehicle While License Suspended or Revoked and #R2255930/Open Container Violation. Mr. Manning was placed in a detention cell until someone could safely transport him. At 0825, MSgt Robert Barrett, 66 MSS/CCF, arrived at Bldg 1725 and receipted/released for Mr. Manning via DD Form 2708.

9. I have reviewed Mr. Manning's Massachusetts driving record. It reveals that Mr. Manning was convicted in Concord District Court on 23 July 2001 for driving under the influence of intoxicating liquor. Further, I have reviewed a United States District Court Judgment finding Mr. Manning guilty of operating a motor vehicle while under the influence of intoxicating liquor on 10 March 2005.

10. Based on the foregoing, I have probable cause to believe that on 21 March 2005, Lowell T. Manning, while under the influence of intoxicating liquor, did operate a motor vehicle on a way to which the public has a right of access as invitees or licensees, in violation of Mass. Gen. L. ch. 90, 24(1)9a)(1) and 18 U.S.C. 13. (second offense).

WILLIAM BOYDEN, SSgt, USAF

Subscribed and sworn to before me on the 22nd day of April 2005, at Worcester, Massachusetts.

CHARLES B. SWARTWOOD, III
Chief United States Magistrate Judge