UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) CRIMINAL ACTION<br>LOWELL T. MANNING, ) NO.   05-1401-CBS<br>Defendant ) (Hanscom Air Force Base)<br>)<br>) | |

**MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

COMES NOW THE GOVERNMENT, and respectfully represents:

**FACTS**

1. On April 22, 2005, a written complaint was filed against defendant, charging the defendant with a second offense of driving under the influence of alcohol in accordance with Ch. 90 § 24 M.G.L.A. as assimilated by 18 U.S.C. § 13. The penalty for this offense has been limited to one year confinement. On that same day, the Government also charged the defendant with operating a motor vehicle with a suspended or revoked license in accordance with Ch. 90 § 23 M.G.L.A. as assimilated by 18 U.S.C. § 13 and with possession of an open alcoholic container in a motor vehicle as assimilated by 18 U.S.C. § 13.

2. On August 4, 2005, the defendant was arraigned and pleaded not guilty to all charges.

3. On August 5, 2005, Chief Magistrate Judge Charles B. Swartwood, III, issued an order excluding from the Speedy Trial Act, the period from August 4, 2005 (date of arraignment) through September 15, 2005 (date by which the Government is to file its response to the defendant's discovery motions). On August 5, 2005, Chief Justice Swartwood further ordered that assuming no further order of excludable time, under the plan for prompt disposition of criminal cases the said case must be tried on or before Thursday, November 24, 2005.

4. In its case, the Government plans on calling Staff Sergeant William Boyden and Staff Sergeant William Grant to testify against the defendant. In support of the war on terrorism, on August 19, 2005, Staff Sergeant Boyden is deploying to Uzbekistan for a minimum of six months. Shortly thereafter, in support of the war on terrorism, Staff Sergeant Grant deploys to the Middle East, in harms way, for a minimum of six months.

## LAW

5. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1) requires the trial of a defendant commence within seventy days from the date the defendant has appeared before a judicial officer of the court in which such charge is pending. However, under 18 U.S.C. § 3161(h) certain periods of delay "shall be excluded in computing the time" for purposes of computing the speedy trial date. Specifically, 18 U.S.C. § 3161 (h)(3)(A) allows the exclusion of "any period of delay resulting from the absence or *unavailability* ... of an *essential witness*." (Emphasis added). An essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned to trial. Id.

6. Relying on 18 U.S.C. § 3161(h)(3)(A) the court in U.S. v. Barragan, 793 F.2d 1255, 1258 (11th Cir. 1986) held that because the Government witnesses, Coast Guard sailors, were on sea duty, they were considered "unavailable" under section 3161(h)(3)(A). Consequently, the court held that the Speedy Trial Act was properly tolled for the entire period of their sea duty. Id. Likewise, in U.S. v. Shelton, 1994 U.S. App. Lexis 3951, *11, (4th Cir. 1994) the court noted that while granting a continuance under the Speedy Trial Act lies within the sound discretion of the trial court, in view of the situation then in the middle east, the appellate court found no abuse of discretion by the district court in granting a continuance because the military activated and sent to the Middle East an essential Government witness. Further, the court in U.S. v. Fernandez, 694 F.Supp. 858, 862 (S.D.Fla 1988), held that 18 U.S.C. § 1361(h)(3)(A) applies even if the delay is for a period of four years after the original indictment.

7. In the present case, Staff Sergeant William Boyden and Staff Sergeant William Grant are clearly "essential witnesses" for the Government. Indeed, they are the only witnesses the Government has in its DUI, open container and driving with a revoked license case. Further, as defined by 18 U.S.C. § 3161(h)(3)(A) and by the courts cited above, Staff Sergeant Boyden and Staff Sergeant Grant, despite the Government's due diligence, are clearly unavailable to give testimony in the defendant's case. In support of the war on terrorism, on August 19, 2005, Staff Sergeant Boyden is deploying to Uzbekistan for a minimum of six months. Shortly thereafter, in support of the war on terrorism, Staff Sergeant Grant deploys to the Middle East, in harms way, for a minimum of six months.

8. Failure to grant the requested continuance, in the Government's view, would result in the inability of the Government to present its case and a miscarriage of justice.

WHEREFORE, the U.S. Government, for purposes of calculating a speedy trial date, respectfully and in good faith requests this Honorable Court to exclude the time period when the Government's essential witnesses (Staff Sergeant William Boyden and Staff Sergeant William Grant) will be deployed in support of the war on terrorism, and to grant an extension of time in which to proceed with trial. Further, because of the imminent deployment of the two essential witnesses, the U.S. Government respectfully requests that this Honorable Court rule on this motion before the scheduled status conference.

Respectfully submitted,

COREY CAPPELLONI
SPECIAL ASSISTANT U.S. ATTORNEY

I hereby certify that I sent a copy of this motion via certified mail to Richard M. Welsh, the defendant's attorney of record, 80 Worcester Street, Suite 5, North Grafton, MA 01536 on August 12, 2005.

*Corey Cappelloni*
COREY CAPPELLONI
SPECIAL ASSISTANT U.S. ATTORNEY