UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | MAGISTRATE |
| vs | ) | Docket No. 05-1401-CBS |
| | ) | |
| Lowell T. Manning, Defendant | ) | |

### DEFENDANT'S MOTION IN LIMINE

The defendant moves that the prosecution not be permitted to introduce into evidence, before the Jury, any refusal by the defendant to consent to a blood alcohol test or to perform field sobriety tests.

Massachusetts General Laws, Chapter 90, section 24(f)(1), expressly provides that "Evidence that the defendant failed or refused to consent to such test or analysis **shall not be admissible against him in a ... criminal proceeding ...**"

The statute goes on to state that a person has a legal right to take or not to take such a test; that there may be a number of reasons why a person would or would not take such a test; and that no inference can be drawn from the fact that there was no evidence of such a test.

The Massachusetts Courts have ruled that exclusion of the refusal to consent to a blood alcohol test is more than just a rule of evidence. In <u>Opinions of the Justices</u>, 412 Mass 1201, (1992), the Supreme Judicial Court ruled that a defendant's refusal to submit to a chemical test of his breath was **testimonial in nature** and would compel a motorist to furnish evidence against himself. The Court concluded that making a defendant's refusal or failure to submit to a chemical test or analysis of breath admissible as evidence in a

criminal proceeding would violate the self-incrimination clause of the State Constitution. (See, also, Commonwealth v. Zevitas, 418 Mass 677, 1994.)

Based on the same principles, the Supreme Judicial Court has also ruled that evidence of a defendant's refusal to submit to field sobriety tests constitutes "testimonial evidence" or "communicative evidence", for the purposes of a self-incrimination analysis. The Court held that Massachusetts motorists are under no legal obligation to submit to field sobriety tests and that evidence of a defendant's refusal to perform such tests is inadmissible as a violation of a defendant's State Constitutional right against self-incrimination. (See Commonwealth v. McGrail, 419 Mass 774, 1995.)

Richard M. Welsh
Attorney for the Defendant
80 Worcester Street
No. Grafton, MA 01536
Tel: 508-839-7713
BBO #522660

Certificate of Service

This will certify that I served a copy of the within pleading on the United States Attorney's Office by faxing a copy hereof, on November 10, 2005, to A.U.S.A. Corey Cappelloni, at 781-377-3279.

Richard M. Welsh