UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NO.   05-1401-CBS |
| LOWELL T. MANNING, ) | (Hanscom Air Force Base) |
| Defendant ) | |

**MOTION FOR PRELIMINARY EVIDENTIARY RULING REGARDING DEFENDANT'S REFUSAL TO CONSENT TO A BLOOD ALCOHOL TEST**

COMES NOW THE GOVERNMENT, and respectfully represents:

**FACTS**

1. On April 22, 2005, a written complaint was filed against defendant, charging the defendant with a second offense of driving under the influence (DUI) of alcohol in accordance with Ch. 90 § 24 M.G.L.A. as assimilated by 18 U.S.C. § 13. The penalty for this offense has been limited to one year confinement. On that same day, the Government also charged the defendant with operating a motor vehicle with a suspended or revoked license in accordance with Ch. 90 § 23 M.G.L.A. as assimilated by 18 U.S.C. § 13 and with possession of an open alcoholic container in a motor vehicle as assimilated by 18 U.S.C. § 13.

2. On August 4, 2005, the defendant was arraigned and pleaded not guilty to all charges. On 8 August 2005, this Honorable Court ordered a jury trial in the matter for November 14, 2005.

3. At this time, the Government respectfully requests a preliminary ruling on an evidentiary matter outside of the presence of the jurors. Specifically, the Government plans on presenting evidence that the defendant refused to take a blood alcohol test on March 21, 2005, the date of the alleged DUI.

**LAW**

4. The Assimilative Crimes Act, 18 U.S.C. § 13(a), assimilates into federal law, and thereby makes applicable on federal enclaves such as Air Force bases, certain criminal laws of the state in which the enclave is located. Lewis v. U.S., 523 U.S. 155, 158 (1998). However, under the Assimilative Crimes Act (ACA), Federal Rules of Evidence and other federal criminal procedures apply at criminal trials since the ACA does not generally adopt state procedures. U.S. v. Wilmer, 799 F.2d 495, 500 (9th Cir 1986). See also, Kay v. U.S., 255 F.2d 476, 479 (4th Cir 1958) (holding that state interpretation of state criminal statutes is not biding upon a federal court; and federal, rather than state, rules of evidence are applicable to all prosecutions under the Assimilative Crimes Act). Further, the Tenth Circuit in U.S. v.

Sain, 795 F.2d 888, 890 (1986) held that "courts are not required to follow specific provisions of state law which go beyond establishing the *elements* of an offense and the *range of punishment*." (Emphases added). See also, U.S. v. Tyson, 829 F. Supp. 368 (holding that although 18 U.S.C. assimilates state substantive law, Federal Rules of Evidence control admissibility of evidence in federal prosecution, and state's purely procedural requirement that operators of breath tests have permits is not assimilated.)

5. In the present case, the Government is assimilating the elements and range of punishment under Ch. 90 § 24 M.G.L.A. However, it is not assimilating the evidentiary provisions of Ch. 90 § 24. Specifically, it is not assimilating subsection (1)(e) which states that "evidence that the defendant failed or refused to consent to [a blood alcohol test] ... shall not be admissible ..." Subsection (1)(e) is directly contradictory to the federal rules of evidence governing consent to blood alcohol tests. Indeed, title 18 U.S.C. section 3118(b) states that the refusal to consent to a blood alcohol test or other similar test "may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol [within the territorial jurisdiction of the United States]."

WHEREFORE, the U.S. Government, for purposes of introducing evidence that the defendant refused to consent to a blood alcohol test, respectfully and in good faith requests this Honorable Court to make a preliminary evidentiary ruling outside the presence of the jurors.

Respectfully submitted,

_____
COREY CAPPELLONI
SPECIAL ASSISTANT U.S. ATTORNEY

I hereby certify that I sent a copy of this motion via certified mail to Richard M. Welsh, the defendant's attorney of record, 80 Worcester Street, Suite 5, North Grafton, MA 01536 on November 8, 2005 and via fax on November 7, 2005 to #508-839-7715.

_____
COREY CAPPELLONI
SPECIAL ASSISTANT U.S. ATTORNEY