**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL ACTION |
| LOWELL T. MANNING, | ) | NO.   05-1401-CBS |
| Defendant | ) | |
| | ) | |

**PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**

COMES NOW THE GOVERNMENT, and respectfully represents:

1. On April 22, 2005, a written complaint was filed against defendant, charging the defendant with a second offense of driving under the influence (DUI) of alcohol in accordance with Ch. 90 § 24 M.G.L.A. as assimilated by 18 U.S.C. § 13. The penalty for this offense has been limited to one year confinement. On that same day, the Government also charged the defendant with operating a motor vehicle with a suspended or revoked license in accordance with Ch. 90 § 23 M.G.L.A. as assimilated by 18 U.S.C. § 13 and with possession of an open alcoholic container in a motor vehicle as assimilated by 18 U.S.C. § 13.

2. On August 4, 2005, the defendant was arraigned and pleaded not guilty to all charges. On 8 August 2005, this Honorable Court ordered a jury trial in the matter for November 14, 2005.

3. For the November 14, 2005 jury trial, the Government respectfully submits the following substantive jury instructions:

      a. Operating Under the Influence of Intoxicating Liquor: 1-11 MA Jury Instructions Criminal Form 11-1

      The defendant is charged with operating a motor vehicle while under the influence of intoxicating liquor. Title 18 U.S.C. Section 13 (Assimilating Section 24 of chapter 90 of Massachusetts General Laws) provides as follows:

      "Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished . . . ."

In order to prove the defendant guilty of this offense, the Government must prove three things beyond a reasonable doubt:

*First*: That the defendant operated a motor vehicle;

*Second*: That the defendant did so on a way or in a place where the public has a right of access or in a place where members of the public have access as invitees or licensees; and

*Third*: That while the defendant was operating the vehicle, he was under the influence of intoxicating liquor.

A person "operates" a vehicle within the meaning of the governing statute, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle. Operation includes that person's setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of that machinery. I remind you that these acts must be the acts of the defendant and must be his intentional acts in order for you to find this element of the offense beyond a reasonable doubt.

A way to which the public has a right of access, according to the governing statute, is any public highway, any private way laid out under authority of statute, a way dedicated to public use, or way under the authority of park commissioners or a body having like powers. You have heard testimony [and] [or] seen documents in evidence as to the status of the place where the defendant is alleged to have operated a motor vehicle. That the defendant operated a motor vehicle on a way to which the public has a right of access or in a way or place to which members of the public have access as invitees or licensees must be proved beyond a reasonable doubt for you to convict the defendant.

If the defendant is not alleged to have operated a motor vehicle upon a way to which the public has a right of access or in a place to which the public has a right of access, the requirements of the governing statute in this regard may also be met if the Government proves beyond a reasonable doubt that the defendant operated a vehicle in a way or place to which members of the public have access as invitees or licensees. In considering whether the place in which the defendant is alleged to have operated a motor vehicle is such a way or place, you may take into account such matters as the way's or place's accessibility to motor vehicles, whether there are signs indicating that members of the public are not permitted, whether it is used as a means of access to private property by persons customarily invited to such property, whether there is evidence that public use of the premises has been without permission of the owner, and whether the circumstances are such as to indicate that members of the public may reasonably conclude that it is open for travel to persons invited there for social purposes, or to shop, or to carry on business, or for other such purposes.

In order to prove the third element, the Government must prove beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor. The Government is not required to prove that the defendant actually drove in an unsafe or erratic manner, but it must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely.

It may be that the ingestion of a substance other than alcohol as well as the consumption of alcohol are found by you to have taken place. The complaint in this case charges that the defendant operated a motor vehicle while under the influence of intoxicating liquor. The defendant may not be found guilty of the offense charged by this complaint unless you find beyond a reasonable doubt that his capacity to drive safely was diminished by the consumption of alcohol. You may still make this finding beyond a reasonable doubt even though you find that there was some other cause, also operating on the defendant while he was driving, which tended to magnify or concur with the effect of the alcohol in causing the defendant's capacity to operate the motor vehicle safely to be diminished. You may not, however, convict the defendant on this complaint if you find that such other cause was the sole cause of the defendant's diminished capacity.

You are to decide the question of whether the defendant was under the influence of intoxicating liquor on all the evidence as well as on such inferences as you may draw from the evidence before you, having in mind at all times that the defendant may only be convicted if it is proven beyond a reasonable doubt that the defendant's ability to operate a motor vehicle safely was diminished by his consumption of alcohol.

### b. Operation of Motor Vehicle after Suspension of License:

The defendant is charged with having operated a motor vehicle after his driver's license had been suspended. Title 18 U.S.C. Section 13 (Assimilating Section 23 of chapter 90 of Massachusetts General Laws) provides as follows:

"Any person convicted of operating a motor vehicle after his license to operate has been suspended or revoked . . . shall be punished . . . ."

In order to prove the defendant guilty of this offense, the Government must prove two things beyond a reasonable doubt:

*First:* That the defendant operated a motor vehicle;

*Second:* That at the time the defendant was operating a motor vehicle his driver's license had been suspended.

### c. Possession of Alcoholic Beverages in a Motor Vehicle:

The defendant is charged with having operated a motor vehicle after his driver's license) had been suspended. Title 18 U.S.C. Section 13 (Assimilating Section 24I of chapter 90 of Massachusetts General Laws) provides as follows:

"Whoever, upon any way ... to which the public has a right of access, or upon any way ... to which members of the public have access as invitees or licensees, possesses an open container of alcoholic beverage in the passenger area of any motor vehicle shall be punished ..."

"Open container" is defined as "any bottle, can or other receptacle used to contain a liquid that has been opened or has a broken seal, or the contents of which have been partially removed or consumed."

"Passenger area" is defined as "the area designed to seat the driver and passengers while the motor vehicle is in operation and any area that is readily accessible to the driver or a passenger while in a seated position, including but not limited to, the glove compartment."

In order to prove the defendant guilty of this offense, the Government must prove three things beyond a reasonable doubt:

*First*: That the defendant was on any way; and

*Second*: That the defendant possessed an open container; and

*Third*: That the open container was found in a passenger area of the motor vehicle.

Respectfully submitted,

COREY CAPPELLONI
SPECIAL ASSISTANT U.S. ATTORNEY

I hereby certify that on November 9, 2005 I sent a copy of this motion via fax to Richard M. Welsh, the defendant's attorney of record, at fax #508-839-7715. Further, I hereby certify that I sent an electronic copy to Ms. Lisa Roland at Lisa_Roland@mad.uscourts.gov.

COREY CAPPELLONI
SPECIAL ASSISTANT U.S. ATTORNEY