UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,  )
)
)
)
vs.  )   CRIMINAL ACTION
)   NO. 05-1401-CBS
LOWELL T. MANNING,  )
    Defendant,  )
)

GENERAL INSTRUCTIONS
November 15, 2005

SWARTWOOD, C.M.J.

You have heard the evidence in this case. It is now your duty to find the facts from all that evidence. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this case. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall

that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions as to what verdict you should return - that is a matter entirely for you to decide.

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Lowell T. Manning, has the benefit of that presumption throughout the trial, and you are not to convict him of this charge unless you are persuaded that he is guilty of this charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Manning has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of an offense charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Manning's guilt of this offense, it is your duty to acquit him of that offense. On the other hand, if after fair and impartial consideration of all the evidence, you

are satisfied beyond a reasonable doubt of Mr. Manning's guilt of this offense, you should vote to convict him.

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other. I will discuss later the effect of stipulations made by counsel in this case.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you

find to have been proved such reasonable inferences as you believe are justified from your experience.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You should remember the rain example I gave you as part of my preliminary instructions as the difference between "direct" and "circumstantial evidence".

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not

credible. You must decide which witnesses to believe and which facts to find. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

I will now remind you of certain things that are not evidence and that you may not consider in deciding what the facts are:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say

in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The complaint is not evidence. This case, like most criminal cases, began with a complaint. I caution you, as I have before, that the fact that Mr. Manning has had a complaint filed against him is no evidence whatsoever of his guilt. The complaint is simply an

accusation. It is the means by which the allegations and charges of the government are brought before this court. The complaint proves nothing.

The fact that the Complaint is brought in the name of the United States of America entitles the Government to no greater consideration and no less consideration than any other litigant, since all parties are entitled to equal treatment at the bar of justice. The people of these United States always win when justice is done, regardless of whether the verdict is guilty or not guilty.

Let me now explain the law on the charge against Mr. Manning.

1. Mr. Manning is charged with operating a motor vehicle on federal property while under the influence of intoxicating liquor. The governing statute for this offense provides as follows:

Whoever, while on federal property:

    upon any way

       <u>or</u> in any place to which the public has a right of access,

<blockquote>
<u>or</u> upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished.
</blockquote>

2. In order to prove Mr. Manning guilty of this offense, the Government must prove four things beyond a reasonable doubt:

<u>First</u>: That Mr. Manning operated a motor vehicle. This element of the offense has been met as the parties have stipulated that Mr. Manning operated a motor vehicle;

<u>Second</u>: That Mr. Manning did so on a way, or in a place where the public has right of access or in a place where members of the public have access as invitees or licensees. This element of the offense has also been met as the parties have stipulated that Mr. Manning operated his motor vehicle on a way to which members of the public have a right of access;

<u>Third</u>: That it occurred within the maritime or territorial jurisdiction of the United States. The parties have stipulated that this element of the offense has been met, that is, the parties have stipulated that at the time of the alleged violation, Mr. Manning was within the territorial jurisdiction of the United States; and

<u>Fourth</u>: That while Mr. Manning was operating the vehicle, Mr. Manning was under the influence of intoxicating liquor.

3. It is this last element of the offense which you must decide, that is, the sole question before you is whether Mr. Manning was operating his motor vehicle under the influence of intoxicating liquor.

4. What does it mean to be "under the influence" of alcohol? A person does not have to be drunk or unconscious to be "under the influence " of alcohol. Someone is "under the influence" whenever he has consumed enough alcohol to reduce his ability to operate a motor vehicle safely.

5. The purpose of the statute is to protect the public from any driver whose alertness, judgment and ability to respond promptly have been lessened by alcohol. This would include someone who is drunk, but it would also include anyone who has consumed enough alcohol to reduce his mental clarity, self-control and reflexes, and thereby left him with a reduced ability to drive safely. The amount of alcohol necessary to do this may vary from person to person. Furthermore, it is not sufficient for the Government to prove that Mr. Manning consumed some alcohol before he drove. The ingestion of some alcohol prior to operating a motor vehicle is not in and of itself a crime.

6. In order to find Mr. Manning guilty, you must find beyond a reasonable doubt that he consumed alcohol and that the amount of alcohol he consumed diminished his capacity to operate a motor vehicle safely.

7. The Government is not required to prove that Mr. Manning actually drove in an unsafe or erratic manner, but it must prove that alcohol had diminished Mr. Manning's capacity or ability to drive safely.

8. You are also instructed that, if Mr. Manning's ability to safely operate his motor vehicle was diminished by alcohol, he has violated the law even though some other cause, such as a prescription drug, also operating on Mr. Manning while he was driving, tended to magnify the effect of the alcohol or concurred in causing his diminished capacity to operated safely. It is no defense, under the law, to show the existence of such concurring cause, so long as the influence of the alcohol remained as one of the causes of Mr. Manning's diminished capacity. However, if you find that Mr. Manning's capacity to operate his motor vehicle safely was diminished, but that the sole cause of his diminished capacity was the prescription drug which he was taking, you should find Mr. Manning not guilty.

9. You are to decide whether Mr. Manning operated under the influence of alcohol from all the believable evidence in this case, together with any reasonable inferences that you draw from the evidence. You may rely on your experience and common sense about the effects of alcohol. You should evaluate all the believable evidence

12

about Mr. Manning's appearance, condition and behavior at the time, including how Mr. Manning actually operated his motor vehicle, in order to determine whether Mr. Manning's ability to drive safely was diminished by alcohol.

Now, we will hear from both counsel for their final argument. Under our rules of procedure, the Government will argue first.

13